IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES EUGENE MOORE, #297 332, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-586-MHT |
| | ) | [WO] |
| WILLIAM STREETER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

Plaintiff Charles Moore, an inmate in the custody of the Alabama Department of Corrections, brings this *pro se* 42 U.S.C. § 1983 action against Warden William Streeter and Correctional Officer Joey Craig. Moore seeks to challenge matters associated with disciplinary proceedings filed against him in July 2019 during his incarceration at the Kilby Correctional Facility. For relief, Moore seeks damages of $300,000, costs, and requests trial by jury.[1] Doc. 1.

Upon review, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

### **II. DISCUSSION**

**A.   Standard of Review**

Because Moore is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in*

---

[1] The court previously dismissed Moore's requests for a temporary restraining order and a preliminary injunction. Docs. 3, 6, 9.

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d

*forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense—such as the statute of limitations—that would defeat the claim. *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

---

1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**B.     Violation of Administrative Regulations Claim**

Moore alleges a violation of his constitutional rights related to disciplinary proceedings filed against him while he was incarcerated at Kilby.[3] According to the complaint, Defendants

---

[3]During the pendency of this action Moore was transferred to another correctional facility in Alabama.

3

Craig and Streeter violated Moore's due process rights because they violated agency regulations during the disciplinary process. This claims entitles Moore to no relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). An alleged violation of agency rules, regulations, or policies, standing alone, does not infringe upon an inmate's constitutional rights. That state law or state agencies prescribe certain procedures does not mean those procedures acquire federal constitutional dimension. *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (observing that prison regulations are not intended to confer rights or benefits on inmates but are merely designed to guide correctional officials in the administration of prisons); *United States v. Caceres*, 440 U.S. 741, 751–52 (1979) (explaining that mere violations of agency regulations do not raise constitutional questions); *Magluta v. Samples*, 375 1269, 1279 n.7 (11th Cir. 2004) (noting that "procedural requirements set out in [an administrative] regulation are not themselves constitutional mandates."); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (explaining that "there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations ...."); *Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987) (finding the adoption of mere procedural guidelines does not give rise to a liberty interest; thus, failing to follow regulations does not, in and of itself, violate due process); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (finding that "failure to follow prison rules or regulations do not, without more, give rise to a constitutional violation."); *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1527–28 (11th Cir. 1987) (finding that violation of state statute defining due process does not establish violation of a federal constitutional right actionable under 42 U.S.C. § 1983).

In light of the foregoing, this claims is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

C.   **The Disciplinary Claim**

Moore complains Defendants subjected him to fabricated disciplinary proceedings, asserts the proceedings were conducted in a manner which violated his right to due process, and claims he was subjected to cruel and unusual punishment because he was sanctioned to disciplinary segregation. Review of the documents and records filed in this action also reflect Moore was sanctioned to a loss of good time.[4] Moore's challenge to the validity of this disciplinary proceeding provides no basis for relief at this time. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.*  at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

---

[4] As noted, Moore's complaint requested preliminary injunctive relief which the court previously denied. Moore filed an objection to the undersigned's Recommendation on the motion for preliminary injunction. Doc. 7. Therein, Moore indicated he lost good time credits and was sanctioned to solitary confinement following his July 23, 2019, disciplinary hearing. *Id.* at 1.  *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (noting the court may take judicial notice of its own records and the records of other federal courts).

5

In *Balisok*, the Supreme Court applied *Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process where the disciplinary action taken against the plaintiff included, among other things, deprivation of 30 days good-time credit. 520 U.S. at 644-46. The Court held that a state prisoner's claim for damages is not cognizable under § 1983 if a judgment in favor of the plaintiff would necessarily be at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Absent such an invalidation, the § 1983 suit must be dismissed. *Id*. at 649.

Moore's claim he is innocent of the charge brought in the disciplinary action taken against him challenges the result, not just the proceedings.[5] In *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the Court determined that a "prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82 (emphasis in original). Moore asserts he was falsely charged with disciplinary action and seeks monetary damages to compensate him for violations of his constitutional rights. As explained, such relief, if granted, would necessarily imply the invalidity of the challenged disciplinary action taken against him which deprived him of good-time credits that implicate the duration of his confinement. Moore has not shown that the disciplinary decision he challenges has been invalidated. Consequently, the instant collateral attack on this adverse action is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that Moore presently has no cause of

---

[5] Moore indicates he was served with two false disciplinary infractions and was found guilty of the report which charged him with assault with a weapon on a person associated with the ADOC. *See* Doc. 7 at 2, 5.

action under § 1983 with respect to a claim challenging the July 23, 2019, disciplinary proceedings. This claim, therefore, is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    The State Law Claims**

To the extent Moore seeks to bring state law claims (Doc. 1 at 3), review of such claims is only appropriate upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, exercising such jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact." *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984) (citations omitted). Exercising supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428; *Hicks v. Moore*, 422 F.3d 1246, 1255 n.8 (11th Cir. 2005) (noting that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") (citation and quotation marks omitted). Because of this court's resolution of the federal claims, Moore's supplemental state law claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

7

1.  Plaintiff's § 1983 claim alleging a violation of administrative regulations be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Plaintiff's challenges to the constitutionality of his July 2019 disciplinary proceeding be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time;

3.  Plaintiff's supplemental state law claims be DISMISSED without prejudice; and

4. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before June 26, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of June 2020.

                                        /s/ Stephen M. Doyle
                                        STEPHEN M. DOYLE
                                        UNITED STATES MAGISTRATE JUDGE